# United States District Court
## for the
## District of Alaska
### Petition for Warrant or Summons for Offender Under Probation

Name of Offender: Geoffrey Florendo      Case Number: 3:05-CR-00058-(RRB)

Sentencing Judicial Officer:     Ralph R. Beistline, U.S. District Court Judge

Date of Original Sentence:     February 10, 2006

Original Offense:     Wire Fraud in violation of 18 U.S.C. § 1343

Original Sentence:     Five years probation, restitution of $3,777

Date Supervision Commenced:     February 10, 2006

Asst. U.S. Attorney: Retta Randall     Defense Attorney: Sue Ellen Tatter

---

### PETITIONING THE COURT

[X]    To issue a warrant
[ ]    To issue a summons

The probation officer believes that the offender has violated the following condition(s) of probation:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | The defendant has violated the Standard Condition of Supervision 2, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month," in that The defendant has not submitted a Monthly Supervision Report for the months of April, May, June, or July, 1006. This violation is a Grade C violation. |
| 2 | The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that as of August 1, 2006, the defendant has moved and did not advise the probation officer of the move or the new address. This violation is a Grade C violation. |
| 3 | The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that as of August 1, 2006, the defendant is employed at The Mountain Shop in Skagway and did not report this employment to the probation officer This violation is a Grade C violation. |
| 4 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall pay restitution in the lump sum of $3,877,94 in accordance with a schedule determined by the probation officer," in that the defendant has not made a restitution payment for the months of June or July, 2006. This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of probation should be:

    [X]    Revoked
    [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of probation should be modified as follows:

Respectfully submitted,

*Mary Frances Barnes*
Mary Frances Barnes
U.S. Probation/Pretrial Services Officer
Date: August 2, 2006

Approved by:

*Eric D. Odegard*
Eric D. Odegard
Supervising U.S. Probation Officer

## THE COURT ORDERS

[✓] *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for probation revocation is referred to the Magistrate Judge for initial appearance only.*

[ ] The issuance of a summons. The petition for probation revocation is referred to the Magistrate Judge for initial appearance only.

[ ] Other:

_____
Ralph R. Beistline
U.S. District Court Judge

8/7/06
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
для the
# DISTRICT OF ALASKA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>) | Case Number: 3:05-CR-00058(RRB) |
| )<br>vs. ) | DECLARATION IN SUPPORT OF PETITION |
| )<br>)<br>Geoffrey Florendo ) |  |

I, Mary Frances Barnes, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Probation for Geoffrey Florendo, and in that capacity declare as follows:

Geoffrey Florendo was convicted of Wire Fraud on February 7, 2006, and sentenced to five years probation and ordered to pay restitution of $3,777.94.

On March 16, 2006, the probation officer read, reviewed, and signed conditions of supervision with the defendant.

On March 16, 2006, the defendant signed a payment instruction form which directed the defendant to make the first restitution payment of $70 by June 15, 2006. The defendant was directed to make subsequent payments of $70 by the 15th of each month henceforth.

On April 27, 2006, the probation officer conducted an unannounced home visit to Florendo's residence in Juneau. The defendant was not home and the probation officer left a business card in the door jam.

On May 1, 2006, the probation officer called the defendant at his residence in Juneau and left a voicemail directing the defendant to return the phone call. The defendant never returned the call.

On May 11, 2006, the probation officer called the defendant at his residence in Juneau and left a voicemail directing the defendant to return the phone call.

On May 11, 2006, the probation officer called the defendant's mother, Leonora Florendo, at her place of employment and left a voicemail stating that the probation officer has had difficulty getting in contact with the defendant. The voicemail further asked Ms. Florendo that if she had contact with the defendant to have him call his probation officer.

On May 11, 2006, the defendant finally returned the probation officer's phone call in the late afternoon. Florendo was advised that he had two drug tests return positive for the presence of oxycotin and the chain-of-custody forms did not indicate the defendant was on prescription medication. The defendant indicated that it was an oversight on his part and would send the probation officer a copy of the prescription. The probation officer told Florendo that I had not received his Monthly Supervision Reports for March or April. The defendant said that he is out of forms. The probation officer told Florendo that he must advise the probation officer before he is out of forms and could also make copies of blank reports. Florendo told the probation officer that he only worked two weeks in April and would send his pay receipts with the reports. Florendo was reprimanded for not advising the probation officer of the employment change as required. Florendo was also reprimanded for not returning the probation officer's phone calls or making a follow up phone call after the probation officer left a business card in the door jam.

On May 12, 2006, the probation officer mailed the defendant several copies of the Monthly Supervision Report. Included also were several forms to record the efforts of the defendant's job search. The probation officer sent a letter with the reports reminding Florendo of his conditions of supervision and specifically to keep the probation officer advised of any changes in employment.

On May 22, 25, and 26, 2006, the probation officer called the defendant at his residence in Juneau and left a voicemail for the defendant to return the calls.

On May 26, 2006, the defendant returned the probation officer's call at the end of the day. Florendo advised the probation officer that he has been offered a job at Northern Lights Pizza in Skagway and they want him in Skagway that night. Florendo said that he obtained employment in Skagway because he found it too difficult to get a job in Juneau due to his felony conviction. The employer will provide housing for the defendant in an apartment above the restaurant. The probation officer again reminded the defendant he has to maintain contact and return phone calls. The defendant was directed to call the probation officer on Tuesday, May 29, 2006.

On May 30, 2006, the probation officer received a phone call from Child Support Services advising that the defendant was in arrears of $35,000+ in child support. The officer said that the defendant has a pattern of quitting jobs as soon as child support attaches his wages.

On May 31, 2006, the probation officer called the defendant at Northern Lights Pizza and the kitchen manager advised that the defendant did not work there.

On May 31, 2006, the probation officer called Leonora Florendo and again asked if she knew where the defendant was. Ms. Florendo said that the defendant was at the airport waiting to fly to Skagway. Ms. Florendo said that she would go to the airport and have her son call the probation officer.

2

On May 31, 2006, the defendant called the probation officer from the airport. The probation officer asked Florendo about the job at Northern Lights Pizza and the defendant said that he just got off the phone with the owner of the restaraunt who must have forgotten to tell the kitchen manager. The probation officer again reprimanded the defendant for not keeping in contact as directed. The defendant was directed to contact the probation officer when he got to Skagway and checked on his job and residence.

On May 31, 2006, the probation officer called the owner of Norther Lights Pizza, Adreanna, to confirm the defendant's employment. Adriana was advised of the probation officer's identity and the defendant's conviction. Adriana told the probation officer that she would no longer be able to trust the defendant in one of her apartments or employment, not because of the conviction but because Florendo concealed it from the employer.

On May 31, 2006, the defendant called the probation officer at the end of the day and said that when he arrived in Skagway he was told that there was no job for him at Northern Lights Pizza. However, the defendant found subsequent employment at the Port of Call restaurant and will begin work the next day. Florendo advised that he would be staying at the Hostel in Skagway.

On June 2, 2006, the defendant called the probation officer to check in and said that he was still working at the Port of Call restaurant and living at the Hostel. The probation officer directed Florendo to remain at the same employment all summer barring circumstances beyond his control, and not quit.

On June 13, 2006, the probation officer called the defendant at the Port of Call restaurant and Florendo advised that he was still employed and still living at the Hostel.

On June 20, 2006, the probation officer called the defendant who advised that he was still employed and living at the Hostel. Reminded Florendo that he was several months behind in submitting Monthly Supervision Reports. The defendant advised the probation officer that he was paid this date and would send in two restitution payments with his Monthly Supervision Reports.

On June 26, 2006, the defendant left the probation officer a voicemail stating that he was still working and everything was fine.

On August 1, 2006, the probation officer called the Port of Call restaurant and was advised that the defendant called in sick but would be back tomorrow.

On August 1, 2006, the probation officer called the Hostel in Skagway, identified myself, and asked to speak to the defendant. The front desk clerk advised that Florendo no longer lived at the Hostel. The clerk said that the Hostel is a short term living facility and she eventually told the defendant that he had to leave. The clerk recalled from memory that Florendo stayed only a short period in the beginning of summer. The probation officer asked the clerk if she might

3

know where the defendant was working. The clerk said that Florendo was now working as a mountain guide for either Alaska Mountain Guides or the Mountain Shop.

On August 1, 2006, the probation officer called the Alaska Mountain Guides and learned that the defendant was not employed there.

On August 1, 2006, the probation officer called the Mountain Shop and learned that the defendant was in fact employed there but not currently present. The probation officer identified herself and left a message with "Mark" for the defendant to return my phone call.

On August 1, 2006, the probation officer confirmed with the Financial Litigation Unit in the U.S. Attorney's Office that Florendo has made no payments toward restitution.

Florendo has not maintain contact with the probation officer, has not submitted a Monthly Supervision Report in four months, has moved and obtained new employment without notifying the probation officer, and has not made a restitution payment. Florendo has demonstrated an inability to comply with the conditions of supervision or respond to the probation officer. Therefore a warrant for his arrest is requested.

Executed this 2nd day of August, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

*Mary Frances Barnes*
Mary Frances Barnes
U.S. Probation Officer

4