# United States District Court
### for the
# District of Alaska
#### Petition for Warrant or Summons for Offender Under Probation

Name of Offender: Geoffrey Florendo         Case Number: A05-0058-01CR (RRB)

Sentencing Judicial Officer:    Ralph R. Beistline, U.S. District Court Judge

Date of Original Sentence:     February 10, 2006

Original Offense:              Wire Fraud in violation of 18 U.S.C. § 1343

Original Sentence:             Five years probation, restitution of $3,777

Date Supervision Commenced:    February 10, 2006

Asst. U.S. Attorney: Retta Randall             Defense Attorney: Sue Ellen Tatter

*RECEIVED JUN 2 0 2008 CLERK, U.S. DISTRICT COURT ANCHORAGE, A.K.*

## PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of probation:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Standard Condition of Supervision Std Condition 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that on or about August 1, 2006, the defendant had changed residences without notifying the probation officer as required. This is a Grade C violation. |
| 2 | The defendant has violated the Standard Condition of Supervision Std Condition 3, "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer," in that on December 14, 2007, the probation officer directed Florendo to call every Monday and leave a voicemail with a status report. Between February 19 and May 30, 2008, Florendo failed to call the probation officer 14 times as directed. This violation is a Grade C violation. |
| 3 | The defendant has violated the Standard Condition of Supervision Std Condition 3, "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer," in that on May 30, 2008, the probation officer directed Florendo to call once a week on Monday during regular business hours and personally talk to the probation officer. On June 9 and 16, 2008, Florendo failed to call and personally talk to the probation officer as required. This violation is a Grade C violation. |

| | |
|---|---|
| 4 | The defendant has violated the Standard Condition of Supervision Std Condition 3 , "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer," in that in a letter dated February 11, 2008, the probation officer directed Florendo to submit a restitution payment. In a second letter dated May 22, 2008, the probation officer directed Florendo to submit a restitution payment no later than June 10, 2008. Florendo has not made a restitution payment since April 2007, and has failed to follow the directions of the probation officer as required. This violation is a Grade C violation. |
| 5 | The defendant has violated Standard Condition of Supervision Std Condition 3, "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer," in that in a letter dated May 22, 2008, the probation officer directed Florendo to submit delinquent Monthly Supervision Reports for the months of February, March, April, and May by June 10, 2008. Florendo has failed to follow the directions of the probation officer as required. This is a Grade C violation. |
| 6 | The defendant has violated the Special Condition of Supervision "The defendant shall provide the probation officer access to any requested financial information and shall not incur any new debts or apply for credit without the prior approval of the probation officer," in that on May 30, 2008, the probation officer directed Florendo to provide a copy of his 2008 Income Tax Extension form by June 10, 2008. Florendo failed to provide the financial form to the probation officer as required. This violation is a Grade C violation. |
| 7 | The defendant has violated Standard Condition of Supervision 2, "The defendant shall report to the probation officer and shall submit a written report within the first five days of each month," in that Florendo has failed to submit a Monthly Supervision Report for the months of February, March, April, and May 2008 as required. This is a Grade C violation. |
| 8 | The defendant has violated the Mandatory Condition of Supervision, "It is a condition of probation that the defendant pay restitution imposed in the judgment," in that Florendo has not made a restitution payment since April 2007, and the current balance is $3,201.33. This is a Grade C violation. |
| 9 | The defendant has violated the Special Condition of Supervision, "In addition to submitting to drug testing in accordance with the Violent Crime control and Law Enforcement Acct of 1994, the defendant shall participate in either or both inpatient or outpatient treatment programs approved by the U.S. Probation Office for substance abuse treatment, which program shall include testing to determine whether the defendant has reverted to the use of drugs or alcohol. At the direction of the probation officer, the defendant may be required to pay for all or a portion of any treatment," in that Florendo failed to report for drug testing on June 16, 2008, as required. This is a Grade C violation. |

*Petition for Warrant or Summons*
*Name of Offender      :    Geoffrey Florendo*
*Case Number           :    A05-0058-01CR (RRB)*

U.S. Probation Officer Recommendation:

    The term of probation should be:

        [X]    Revoked
        [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of probation should be modified as follows:


                                        Respectfully submitted,

                                        **REDACTED SIGNATURE**
                                        Mary Frances Barnes
                                        U.S. Probation/Pretrial Services Officer
                                        Date: June 19, 2008

Approved by:


Redacted Signature

Eric D. Odegard
Supervising U.S.
Probation Officer

*Petition for Warrant or Summons*
*Name of Offender      :      Geoffrey Florendo*
*Case Number            :      A05-0058-01CR (RRB)*

THE COURT ORDERS

[X]  *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for probation revocation is referred to the Magistrate Judge for initial appearance only.*

[ ]  The issuance of a summons. The petition for probation revocation is referred to the Magistrate Judge for initial appearance only.

[ ]  Other:

REDACTED SIGNATURE

Ralph R. Beistline
U.S. District Court Judge

6/20/08
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

United States District Court
for the
DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) ) | Case Number: A05-00058-01CR (RRB) |
| vs. | ) ) ) ) | DECLARATION IN SUPPORT OF PETITION |
| Geoffrey Florendo | ) |  |

I, Mary Frances Barnes, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Probation for Geoffrey Florendo, and in that capacity declare as follows:

Geoffrey Florendo was convicted of Wire Fraud on February 7, 2006, and sentenced to five years probation and ordered to pay restitution of $3,777.94.

On March 16, 2006, the probation officer read, reviewed, and signed conditions of supervision with the defendant.

On May 31, 2006, the probation officer granted Florendo permission to move to Skagway where he had the promise of a job and a place to live.

On May 31, 2006, after Florendo arrived in Skagway he was advised that his job offer and residence offer had been rescinded. However, Florendo immediately obtained employment at the Port of Call Restaurant and secured residence at the Hostel in Skagway.

On June 20, 2006, the probation officer called Florendo on his cell phone and Florendo advised that he was still working at the Port of Call Restaurant and living at the Hostel.

On August 1, 2006, the probation officer called the Hostel in Skagway, identified herself, and asked to speak to the defendant. The front desk clerk advised that Florendo no longer lived at the Hostel. The clerk said that the Hostel is a short-term living facility and she eventually told the defendant that he had to leave. The clerk recalled from memory that Florendo stayed only a short period at the beginning of summer.

On August 1, 2006, the probation officer confirmed with the Financial Litigation Unit in the U.S. Attorney's Office that Florendo had made no payments toward restitution.

On August 8, 2006, at Document Number 42, the probation officer filed a Petition to Revoke Probation and issue a warrant. The Petition alleged four counts:

***FLORENDO, Geoffrey:***
***Petition to Revoke Probation***

1. Violation of Standard Condition of Supervision 2, in that the defendant failed to submit Monthly Supervision Reports for the months of April, May, June and July, 2006.

2. Violation of Standard Condition 6, in that as learned by the probation officer on August 1, 2006, the defendant failed to advise the probation officer of a change in residence.

3. Violation of Standard Condition 6, in that as of August 1, 2006, the defendant failed to advise the probation officer of a change in employment.

4. Violation of the Mandatory Condition of Supervision to pay restitution, in that the defendant made no restitution payments as of August 8, 2006.

On August 14, 2006, Florendo was arrested in a campground in Skagway and transported to Anchorage.

On August 17, 2006, the defendant appeared before U.S. Magistrate Judge John D. Roberts for an Initial Appearance and entered denials to the allegations in the Petition.

On August 21, 2006, U.S. Magistrate Judge Roberts signed an Order of Detention pending trial.

On August 21, 2006, the defendant signed a Waiver of Hearing to Modify Conditions to include a condition that Florendo reside at the Community Corrections Center in Anchorage for 180 days with release for employment.

On August 25, 2007, U.S. District Judge Beistline signed an Order Granting Defendant's Unopposed Motion for Release to Cordova Center.

On September 1, 2006, in a hearing before U.S. District Judge Beistline, the Court concurred with the parties' stipulation that the defendant would reside at the Community Corrections Center for up to 180 days for the purpose of obtaining stable employment and residence.

On February 22, 2007, the Court granted a motion to dismiss the Petition to Revoke Probation without prejudice.

On February 23, 2006, Florendo reported to the probation office as directed. Florendo advised that while he resided at the CCC he obtained employment but not a residence. Florendo also requested permission to travel to Skagway to obtain his belongings and to Juneau to visit his children. The probation officer granted permission for the travel with the stipulation that Florendo obtain residence before leaving Anchorage. Florendo complied and was allowed to travel.

*FLORENDO, Geoffrey:*
*Petition to Revoke Probation*

On May 18, 2007, the probation officer conducted an unannounced home visit at Florendo's reported residence in Anchorage. The landlord advised the probation officer that Florendo had not lived at the residence since approximately May11, 2007.

On May 21, 2007, Florendo left a voicemail stating that he had moved and provided the new address.

On July 18, 2007, the probation officer conducted an unannounced visit to Florendo's employment at the Gold Cache Bingo in Anchorage. An unidentified male advised the probation officer that Florendo had not worked in two weeks.

On July 19, 2007, the probation officer conducted an unannounced home visit and questioned Florendo regarding his unemployment and failure to advise the probation officer as required. Florendo apologized for the violation.

In July and August 2007, Florendo was unemployed.

On September 20, 2007, Florendo advised the probation officer that he wanted to move to Juneau and that he had the promise of a job and a place to live. The probation officer confirmed the employment and residence in Juneau.

On September 21, 2007, Florendo moved to Juneau to work with the Tribal Council and live with his mother. The probation officer directed Florendo to call and personally talk to the probation officer every Monday. The probation officer advised Florendo that the purpose of the weekly telephonic contact was to remind Florendo of his obligations and requirements on probation supervision.

On December 14, 2007, the probation officer advised Florendo that due to his consistent telephonic reporting he could now call and leave a voicemail every Monday with a status report.

Between December 2007 and February 2008 Florendo called the probation officer as directed.

On February 11, 2008, the probation officer sent a letter to Florendo directing him to submit delinquent Monthly Supervision Reports for the months of September, October, November, and December 2007, as well as January 2008. Additionally the letter pointed out that Florendo had not made a restitution payment since April 2007, and directed him to make a payment immediately.

On March 5, 2008, Florendo failed to submit a Monthly Supervision Report for the month of February as required.

On March 6, 2008, Florendo submitted the delinquent Monthly Supervision Reports to the probation officer.

3

***FLORENDO, Geoffrey:***
***Petition to Revoke Probation***

Between February and May 2008, Florendo failed to call the probation officer 14 times as directed.

On April 5, 2008, Florendo failed to submit a Monthly Supervision Report for the month of March as required.

On May 5, 2008, Florendo failed to submit a Monthly Supervision Report for the month of April as required.

On May 22, 2008, the probation officer mailed a letter to Florendo stating his violations of probation. The letter required Florendo to submit delinquent Monthly Supervision Reports, submit financial documents of his 2007 Income Tax Return and Employer Wage Assignment for direct restitution payments, and to make a restitution payment by June 10, 2008. The letter also directed Florendo to call and personally talk to the probation officer every Monday.

On May 30, 2008, the probation officer traveled to Juneau and personally met with Florendo at his residence to review his violations of probation. Florendo apologized for his violations and assured the probation officer that he would be in compliance and submit the required paperwork by June 10, 2008.

On May 30, 2008, Florendo was reminded that he had not been calling the probation officer as directed and required. The probation officer again told Florendo to call every Monday during business hours and personally talk to the probation officer. Florendo was specifically told not to leave a voicemail. Florendo was provided three separate contact numbers for the probation officer. In the event Florendo was unable to reach the probation officer, Florendo was directed to call the receptionist desk and ask to have the probation officer paged to the phone.

On May 30, 2008, Florendo advised the probation officer that he did not file a form for a 2007 Income Tax Return. Florendo stated that he instead filed an extension. Florendo was directed to provide the probation officer a copy of the filed extension by June 10, 2008.

On May 30, 2008, Florendo was reminded to submit a restitution payment by June 10, 2008.

On June 2, 2008, Florendo called the probation officer at 8:12 p.m. and left a voice mail stating that he was checking in.

On June 4, 2008, the probation officer called Florendo and reminded him that he must and personally talk to the probation officer on Mondays and not to leave a voicemail. Florendo assured the probation officer that he was getting the requested paperwork together to send to the probation officer.

On June 5, 2008, Florendo failed to submit a Monthly Supervision Report for the month of May as required.

*FLORENDO, Geoffrey:*
*Petition to Revoke Probation*

On June 9, 2008, Florendo called the probation officer at 6:43p.m., and left a voicemail stating that he was checking in.

On June 10, 2008, Florendo called the probation officer and said that he was putting the paperwork in the overnight-mail that day. Additionally, Florendo said that he would go to the Clerk of the Court in Juneau this date and make a restitution payment.

On June 16, 2008, Florendo called the probation officer at 6:45p.m., and left a voicemail stating that he was checking in.

On June 16, 2008, Florendo failed to report for drug testing as required.

On June 17, 2008, the probation officer called the Financial Litigation Unit of the U.S. Attorney's Office and was advised that the last restitution payment received from Florendo was in April 2007.

On June 17, 2008, the probation officer called the Clerk of the Court in Juneau and was advised that there had been no restitution payment received from Florendo.

As of June 18, 2008, the defendant did not submit Monthly Supervision Reports for the months of February, March, April, and May, 2008, as required.

As of June 18, 2008, Florendo did not submit a copy of his 2007 Income Tax Extension form as required.

As of June 18, 2008, Florendo did not submit a restitution payment and still owes a balance of approximately $3,201.33.

As of June 18, 2008, Florendo did not submit a copy of the Wage Allotment form from his employer as required.

Florendo is out of compliance with the conditions of probation and has a history of not responding to the probation officer. Therefore it is respectfully requested that a warrant for arrest be issued.

Executed this 18th day of June, 2008, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**
_____
Mary Frances Barnes
U.S. Probation Officer

5